UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTERNATIONAL REFUGEE ASSISTANCE PROJECT, as Next Friend of JOHN DOE<br>　　　　　Petitioner,<br>　　v.<br>JOHN F. KELLY, in his official capacity as Secretary, U.S. Department of Homeland Security; KEVIN K. MCALEENAN, in his official capacity as Acting Commissioner, U.S. CUSTOMS AND BORDER PROTECTION ("CBP"); JOHN TSOUKARIS, in his official capacity as Field Office Director for Enforcement and Removal Operations, Newark Field Office, United States Immigration and Customs Enforcement; MICHAEL FIRING, in his official capacity as Chief, Enforcement Branch Passenger Operations Division Port of New York/Newark Office of Field Operations, CBP; and ADELE FASANO, in her official capacity as Newark Port Director, CBP,<br>　　　　　Respondents. | Civil Action No. 17-1709 (JLL)<br><br>**OPINION & ORDER** |

　　The Petitioner, who is a citizen of Afghanistan, filed an Emergency Motion for Temporary Injunctive Relief in order to enjoin the Respondents from: (1) preventing his access to counsel who is seeking to represent him; and (2) transferring or moving him to any location outside of the jurisdiction of the United States District Court for the District of New Jersey, pending a hearing. (See dkt. 2.)

Counsel seeking to represent the Petitioner alleges that the Petitioner was detained by the United States Customs and Border Patrol (hereinafter, "the CBP") upon his arrival at Newark Liberty International Airport at approximately 7:20 p.m. on Monday, March 13, 2017, even though he holds a Special Immigrant Visa (hereinafter, "the SIV"), which he was granted due to the assistance that he provided to the United States military in Afghanistan.  Counsel also simultaneously filed a habeas petition pursuant to 28 U.S.C. § 2241 seeking Petitioner's release from detention.  (See dkt. 1.)  Counsel further alleges that the CBP planned to have Petitioner removed from the United States immediately, even though he was prevented from meeting with counsel.

In opposition, the Government argues that "[w]hile being processed by CBP, the U.S. Department of State revoked [the Petitioner's] 'SQl' visa, thereby deeming him inadmissible to the United States under Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act as an immigrant not in possession of a valid and unexpired immigrant visa."  (Dkt. 3-1 at 1–2.)  In addition, the Government includes a transcript of the questioning performed by a CBP officer, wherein the Petitioner: (1) explicitly stated that he has no fear of returning to Afghanistan; and (2) voluntarily withdrew his application for admission to the United States.

Furthermore, the Government argues that aliens have no Constitutional right to entry to the United States or to a visa, even if they present themselves at a port of

entry. See Landon v. Plasencia, 459 U.S. 21, 32 (1982); Castro v. United States Dep't of Homeland Security, 835 F.3d 422, 443–44 (3d Cir. 2016) (emphasizing that an alien seeking initial admission to the United States has no Constitutional rights regarding the application, and that the power to admit or to exclude an alien lies with the executive branch).

In reply, counsel now argues that she has had an opportunity to meet with the Petitioner. (See dkt. 5.) Counsel argues that the Petitioner has informed her that his withdrawal of the application for admission was not voluntary. However, counsel admits that the SIV had been cancelled upon the Petitioner's arrival to the United States, and that the Petitioner in fact does not hold a valid visa.

A temporary restraining order is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Nat. Res. Def. Council, 555 U.S. 7, 22 (2008). The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held. See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70, 415 U.S. 423, 439 (1974).

The Government correctly argues that this Court lacks jurisdiction over this matter, because the Petitioner does not possess a valid SIV. The authority to admit or to exclude the Petitioner, who is an alien and who does not hold a valid visa, lies strictly with the executive branch. Castro, 835 F.3d at 443–44. Thus, the Court

finds that the Petitioner is unlikely to succeed on the merits in this case. Therefore, for good cause appearing:

**IT IS THEREFORE** on this   15th   day of March, 2017, **ORDERED** that the Petitioner's Emergency Motion for Temporary Injunctive Relief **(dkt. 2)** is **DENIED**.

_____
**JOSE L. LINARES**
United States District Judge